IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT MAYS III,

                    Plaintiff,

          vs.

LOUIS MAGNOTTI, YVONNE WILCOX, WARNER MUSIC GROUP, UNIVERSAL MUSIC GROUP, KING LIV PRODUCTIONS, and LHMPR RADIO,

                    Defendants.

8:22CV285

**MEMORANDUM AND ORDER**

Plaintiff Robert Mays III filed a Complaint on August 10, 2022.  Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis.  Filing No. 5.  The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed this action against Louis Magnotti ("Magnotti"), Yvonne Wilcox ("Wilcox"), Warner Music Group ("WMG"), Universal Music Group ("UMG"), King LIV Productions, and LHMPR Radio and utilized the Pro Se 1 Form Complaint for a Civil Case.  Filing No. 1.  Plaintiff's Complaint is lacking in factual allegations.  In the space provided for identifying the basis for federal question jurisdiction, Plaintiff wrote "malice, theft by deception, civil right's [sic] act, discrimination, larceny."  *Id.* at 3.  Plaintiff also alleges that diversity of citizenship is the basis for the Court's jurisdiction and that "[t]he value of property and damages exceed $100,000."  *Id.* at 3–4 (spelling corrected).

Plaintiff's "Statement of Claim" consists of the following: "I was mislead [sic] by all parties due to deceptive behavior."  *Id.* at 4.  For relief, Plaintiff seeks $100,000 for "loss

of rights, loss of potential income, civil rights violations, [and] psychological damage."
*Id.*

Plaintiff has also filed a "Motion for Judgment" in which he asks for, as best the Court can tell, (1) a judgment against Wilcox and UMG for $4,650, which represents a fee Plaintiff paid for digital distribution services not rendered; (2) a $1,000 judgment against Magnotti and WMG for a "late refund" and "results not shown for song placement"; and (3) punitive damages. Filing No. 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199

F.3d 968, 973 (8th Cir. 1999)).   However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Plaintiff's Complaint fails to meet this minimal pleading standard. Moreover, the Complaint's allegations fail to establish the Court's subject-matter jurisdiction.

**A. Federal Question Jurisdiction**

A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Liberally construing the Complaint and Plaintiff's Motion for Judgment, Plaintiff appears to assert claims of theft by deception, breach of contract, and civil rights violations. A plaintiff may seek relief for a civil rights violation under 42 U.S.C. § 1983 by alleging a violation of rights protected by the United States Constitution or created by federal statute and showing that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff's bare assertion of "civil rights violations" is insufficient to allege a violation of his rights protected by the Constitution or federal statute. Moreover, Plaintiff fails to allege that any Defendants are state actors or that their conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and the Complaint simply does not contain allegations reasonably suggesting Defendants violated a federal statute.

**B. Diversity of Citizenship Jurisdiction**

Subject-matter jurisdiction may also be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In

4

addition, the amount in controversy in an action brought under "diversity of citizenship" jurisdiction must be greater than $ 75,000.00.  28 U.S.C. § 1332(a).

Here, Plaintiff alleges that this matter should proceed based on diversity of citizenship jurisdiction.  Filing No. 1 at 3.  Plaintiff alleges he is a Nebraska citizen, Magnotti is a Texas citizen, and, liberally construed, Wilcox is a citizen of Texas.  Id. at 3–4.  Plaintiff also provides New York, California, Tennessee, and Texas addresses for WMG, UMG, King LIV Productions, and LHMPR Radio, respectively.  Id. at 2. However, the Complaint fails to state each corporate Defendants' place of incorporation and principal place of business as required to establish diversity jurisdiction.  See Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987) (complaint failed to establish diversity jurisdiction where it stated Plaintiff's residency, but not his citizenship, and failed to state the principle places of business of corporate defendants).

Even if the Court assumes Plaintiff's allegations are sufficient to establish the parties' diversity of citizenship, the Court finds Plaintiff has failed to sufficiently allege an amount in controversy exceeding $75,000.  Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."  Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (abrogated on other grounds by Exxon Mobil Corp. V. Allapattah Servs., Inc., 545 U.S. 546 (2005)).  In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."  Id. (quotation omitted).

5

Here, Plaintiff alleges in conclusory fashion that "[t]he value of property and damages exceed $100,000," Filing No. 1 at 4 (spelling corrected), but Plaintiff fails to state any facts or legal theories suggesting why Defendants should be liable to him for that amount or any amount exceeding $75,000.  As best the Court can tell, Plaintiff alleges Defendants deceived him and stole something from him, but the Court cannot discern exactly what property interests Defendants deprived Plaintiff of or what value such property had.  Plaintiff's Motion for Judgment suggests Defendants may have breached agreements for "digital distribution" and "song placement," but Plaintiff seeks a judgment totaling only $5,650, which is well below the $75,000 threshold.  Filing No. 6.

As it stands, the allegations presented are insufficient to establish that Plaintiff's claims meet an amount in controversy exceeding $75,000.  Thus, Plaintiff has failed to demonstrate that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## C. Conclusion

Plaintiff's Complaint fails to establish a basis for the Court's jurisdiction and also fails to state a claim upon which relief may be granted.  On the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction, including sufficient allegations and/or evidence showing that the amount in controversy is greater than $75,000, and that sufficiently describes his claims against Defendants in accordance with the Federal Rules of Civil Procedure.  Plaintiff should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal

rights Plaintiff believes Defendants violated.  Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## IV. MOTION FOR JUDGMENT

As discussed above, Plaintiff filed a Motion for Judgment in which he asks for entry of a judgment against Wilcox, UMG, Magnotti, and WMG for $5,650 in damages plus punitive damages.  Filing No. 6.  Plaintiff appears to seek this judgment based on Defendants failure to respond to the Complaint after being "served via employee emails" and "twitter."  Id.  Contrary to Plaintiff's belief, no Defendants have been served with summons and a copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. The Court has conducted a review of Plaintiff's in forma pauperis Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that the Complaint fails to state a claim upon which relief may be granted.  Thus, no summons shall issue at this time, nor will summons issue unless the Court so orders after reviewing any amended complaint Plaintiff files.

Because Defendants have not failed to respond to the Complaint, Plaintiff's Motion for Judgment is denied.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **February 24, 2023**, to filed an amended complaint that clearly sets forth a basis for this Court's jurisdiction and states a claim upon which relief may be granted against Defendants.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In his amended complaint, Plaintiff must comply with federal pleading requirements.  Plaintiff should be mindful to explain what Defendants did to him, when Defendants did it, and how Defendants' actions harmed him.

2.      In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.      The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4.      Plaintiff's Motion for Judgment, Filing No. 6, is denied.

5.      The Clerk of the Court is directed to set the following pro se case management deadline: **February 24, 2023**: check for amended complaint.

Dated this 25th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge